**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**CONNIE LAIRD**                                                                                  **PLAINTIFF**

**V.**                                                        **No. 1:20-cv-00198-SA-JMV**

**KILOLO KIJAKAZI,[1]
Acting Commissioner of Social Security**                            **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of a January 22, 2020, final decision of the Commissioner of the Social Security Administration (the "Commissioner") finding that the Plaintiff was not disabled and was not entitled to receive DIB or SSI during the adjudicated period. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.[2] For the following reasons, the Commissioner's decision is affirmed.

Statement of the Case

On October 8, 2018, Plaintiff filed for DIB and SSI alleging disability beginning December 8, 2017, due to depression, back problems, nerve damage in her hands, and "no nerve endings in fingers." Tr. 88-89, 97, 105, 112, 206-14. After the agency denied Plaintiff's applications initially

---

[1] The Clerk is directed to amend the style of the case to reflect the automatic substitution of Kilolo Kijakazi, Acting Commissioner of Social Security, in the place of Andrew Saul.

[2] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389(1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

and on reconsideration, Plaintiff requested a hearing. Tr. 122-50. Plaintiff and her attorney attended the administrative hearing on December 19, 2019. Tr. 32-58. The Administrative Law Judge (the "ALJ") issued his decision on January 22, 2020, concluding that Plaintiff was not disabled. Tr. 16-25. The ALJ evaluated Plaintiff's claims under the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in SGA since her alleged onset date of December 8, 2017. Tr. 18. At step two, the ALJ determined that Plaintiff's "obesity, small fiber peripheral neuropathy, back disorder, disorder of the right shoulder, anxiety disorder, and depressive disorder" constituted severe impairments. Tr. 18. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. Tr. 19.

Next, the ALJ determined that Plaintiff retained the residual functional capacity (the "RFC")

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can lift/carry and push/pull 20 pounds occasionally and 10 pounds frequently. She can stand/walk for 6 hours and sit for 6 hours in an 8-hour workday. She can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. She can occasionally stoop, crouch, kneel, and crawl. She can frequently handle, finger, and feel with both hands. She can never reach overhead with her right arm. She must avoid unprotected heights and hazardous moving machinery. She can understand, remember, and carry out simple instructions and perform simple routine tasks. She can sustain attention, concentration, and persistence on tasks for 2-hour periods thru an 8-hour workday. She can have occasional interaction with supervisors, coworkers, and the general public. She can adapt to simple infrequent and gradually introduced changes.

Tr. 20.

At step four, the ALJ found Plaintiff incapable of performing her past relevant work. Tr. 23. At step five, the ALJ concluded that jobs existed in significant numbers in the national

economy that Plaintiff could perform. Tr. 24. Accordingly, the ALJ determined Plaintiff was not disabled and was not entitled to receive DIB or SSI during the adjudicated period. Tr. 25. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision "final" for purposes of judicial review under 42 U.S.C. § 405(g). Tr. 7-12, 201. The issues raised are as follows: (1) Whether the ALJ properly evaluated Plaintiff's bilateral carpal tunnel syndrome at step two; (2) whether substantial evidence supports the ALJ's mental RFC finding; and (3) whether substantial evidence supports the ALJ's step five finding that Plaintiff could perform other work.

## Discussion

<u>Issue 1: Did the ALJ properly evaluate Plaintiff's bilateral carpal tunnel syndrome at step two?</u>

As discussed below, while I find that the ALJ did not properly evaluate Plaintiff's bilateral carpal tunnel syndrome at step two, I find, principally for the reasons set out in the Commissioner's brief, that any error was harmless. To begin, the record reflects that the ALJ did not access Plaintiff's carpal tunnel syndrome ("CTS") as a severe impairment and should have. A severe impairment is one that has more than minimal effect on individual's ability to do basic work activities and the medical records in this case establish that this standard was met. Further, the Commissioner's assertion that somehow the ALJ's reference to a different impairment of the Plaintiff affecting a different nerve or group of nerves will suffice at step two is unsupported by any legal citation or medical authority. On the other hand, the alleged failure to consider an impairment cannot serve as the basis for remand if the claimant does not show the presence of harmful error by identifying specific, work-related limitations that the impairment caused beyond the RFC. *See Heck v. Colvin*, 674 F. App'x 411, 414 (5th Cir. 2017) (unpublished).

Plaintiff has not demonstrated that the ALJ was required to include specific work-related functional limitations due to her CTS beyond those included in the RFC. *See* Tr. 20. When

assessing her RFC, the ALJ discussed Plaintiff's November 2018 nerve conduction and EMG test results showing evidence of median neuropathy bilaterally at the wrists but no evidence of ulnar entrapment neuropathy. *See id.* at 21, 420. The ALJ also discussed Dr. Owen's treatment notes showing mildly reduced sensation in Plaintiff's feet but normal strength, bulk, and tone in her extremities and diagnoses of peripheral neuropathy and bilateral carpal tunnel syndrome. *See id.* at 21-22, 416, 502. The ALJ accounted for any limitations that might be attributable specifically to CTS by limiting Plaintiff to frequent, rather than constant, handling, fingering, and feeling with both hands. *See id.* at 20. Consistent with the Fifth Circuit authorities cited herein, Plaintiff did not meet her burden of demonstrating that she was prejudiced by any alleged error in not separately identifying CTS as a severe impairment.

Plaintiff suggests that the fact that she was diagnosed with bilateral CTS required the ALJ to include certain limitations in the RFC, namely, occasional use of her upper extremities. Pl. Br. at 21-22. However, a diagnosis does not automatically establish specific functional limitations. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983) (mere presence of an impairment does not establish limitations or disability); *Martinez v. Colvin*, 2013 WL 5227060, at *7-9 (unpublished) (N.D. Tex. 2013) (affirming the ALJ's conclusion that the claimant had the physical RFC for the full range of sedentary work with no manipulation limitations despite electro diagnostic studies showing right median nerve neuropathy with severe sensory and at least moderate motor involvement and left median nerve neuropathy with mild to moderate sensory and mild motor involvement). Rather, the ALJ analyzes the specific record evidence in each case. Plaintiff points to no medical source statement indicating that she was limited to only occasional use of her hands. Plaintiff reported she had no problems with personal care tasks like dressing, bathing, hair care, feeding, and shaving; she was able to prepare easy and simple meals; and she could drive, shop,

and do light cleaning—all of which show an ability to use her hands. Tr. 253-55. And in May 2019, Plaintiff presented to the ER and was diagnosed with bronchitis after reporting that she was cleaning a burned-out house with bleach and a degreasing agent. *Id. at* 432-437. It is also noteworthy that according to Plaintiff's testimony at the hearing before the ALJ in December 2019, she was performing her hobby of crocheting at least as late as April 2019. In short, the ALJ discussed the evidence concerning Plaintiff's bilateral CTS and properly accounted for any limitations by finding that she could frequently, rather than constantly, finger, handle, and feel with both hands. *Id.* at 20-22.

While Plaintiff relies heavily on her subjective complaints, including non-refractory neuropathic pain, when arguing that the ALJ did not properly account for her bilateral CTS, in December 2018, Dr. Owens documented Plaintiff's report that gabapentin was adequately treating her neuropathic pain. *Id.* at 416. And in March 2019, Dr. Owens remarked that Lyrica seemed to be helping Plaintiff's symptoms and that he would help Plaintiff obtain this medication through patient assistance. *Id.* at 427. Pain which can be reasonably remedied or controlled with medication is not disabling. *See Johnson v. Sullivan*, 894 F.2d 683, 686 (5th Cir. 1990). Aside from Plaintiff's various subjective complaints of pain and other symptoms, Dr. Owens consistently observed mildly reduced sensation in her feet and normal strength in her muscles and extremities. Tr. 416, 418, 427, 429, 502. Several other exams documented normal or full range of motion in Plaintiff's extremities and no motor or sensory deficits. *Id.* at 318, 446, 455, 461. The agency physician who reviewed Plaintiff's records in January 2019, including her EMG report, noted "hand numbness due to dm neuropathy. no cts. No neuro deficits. no atrophy noted," and found that Plaintiff had no severe physical impairments. *Id.* at 91, 99. The ALJ was not required to accept Plaintiff's subjective complaints over the objective medical evidence demonstrating no greater limitations.

Issue 2: Does substantial evidence support the ALJ's mental RFC finding?

The RFC represents the most an individual can do on a sustained basis after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks. 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ has the final responsibility for determining an individual's RFC based on all the relevant medical and other evidence. 20 C.F.R. §§ 404.1545, 404.1546, 416.945, 416.946; *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012). The RFC is an administrative finding of fact, and the ALJ, not a medical source, is responsible for this assessment. 20 C.F.R. §§ 404.1546(c), 416.946(c); *Taylor*, 706 F.3d at 602-03 (ALJ has the "sole responsibility" to assess the RFC and that what the claimant "characterizes as the ALJ substituting his opinion is actually the ALJ properly interpreting the medical evidence to determine his capacity for work").

Plaintiff argues that the ALJ did not discuss all her mental health treatment records. Pl. Br. at 25-27. Although the ALJ did not articulate a discussion of every finding in each and every treatment note, there is no requirement that the ALJ do so. *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994) (declining to impose a rigid articulation requirement). Further, although Plaintiff cites heavily from her own subjective complaints during various treatment visits, these statements represent Plaintiff's own self-reported symptoms rather than objective medical findings. Pl. Br. at 26-27; *see McLendon v. Barnhart*, 184 F. App'x 430, 432 (5th Cir. 2006) (unpublished) ("Isolated comments regarding a patient's complaints do not constitute medical findings as required by the Act"). In contrast, mental status findings during numerous treatment visits show that despite sometimes exhibiting an abnormal mood or affect, Plaintiff nevertheless exhibited normal speech, judgment, insight, recent and remote memory, attention span, concentration, and language. Tr. 385, 391, 397, 474, 488, 507-08. The ALJ compensated for any limitations attributable to her

abnormal mood and affect by restricting her to jobs with simple routine tasks, occasional interaction with supervisors, coworkers, and the general public, and simple, infrequent, and gradually introduced changes. Tr. 20.

Plaintiff argues that the ALJ concluded that she had "the ability to concentrate, interact and adapt as any normal individual," and that the RFC did not allow for significant mental limitations as the ALJ stated. Tr. 23; Pl. Br. at 28. As to her ability to concentrate, the ALJ limited Plaintiff to jobs requiring only simple, routine tasks and found that she could attend, concentrate, and persist on tasks for two-hour periods. Tr. 20. Plaintiff's ability to attend, concentrate, and persist for two-hour periods is supported by consistent observations that she had either "adequate" concentration or "normal" attention span and concentration as well as the agency psychologist's opinion that Plaintiff had only mild limitations concentrating, persisting, or maintaining pace. Tr. 92, 100, 385, 391, 397, 402, 474, 488, 508. Next, the ALJ limited Plaintiff's ability to interact with others by finding that she could have no more than occasional interaction with supervisors, coworkers, and the general public. Tr. 20. Such finding is adequately supported by the record, including a notation that Plaintiff was cooperative and had good eye contact; that she was doing well on her current meds and had recently taken a road trip with one of her truck driving friends; the agency psychologists' opinion that Plaintiff had only mild limitations interacting with others; and her therapist's opinion that she had "good" ability to relate to coworkers and "fair" ability to interact with supervisors and the general public. Tr. 92, 100, 395, 401, 406, 472.

Finally, the ALJ accounted for Plaintiff's difficulty adapting by limiting her to jobs with simple, infrequent, and gradually introduced changes. Tr. 20. The Court does not re-weigh the evidence nor, in the event of evidentiary conflict or uncertainty, substitute its judgment for the Commissioner's, even if the court believes the evidence might preponderate against the

Commissioner's decision. *See Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). Responsibility for fact-finding in any disability case resides with the ALJ, whose findings are subject to judicial review only to check for compliance with law and the support of substantial evidence (more than a mere scintilla but less than a preponderance). *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

> Issue 3: Does substantial evidence support the ALJ's step five finding that Plaintiff could perform other work?

During the administrative hearing, the ALJ asked the vocational expert (the "VE") whether an individual, with the same age, education, work experience, and RFC as Plaintiff could perform other work. Tr. 54-55. The VE responded affirmatively, and identified light, unskilled work positions as a photocopy machine operator, a garment sorter, and an iron worker. Tr. 55. The ALJ therefore properly relied on the VE's testimony to support his step five finding that Plaintiff could perform other work. Tr. 24, 54-55; *Pineda v. Astrue*, 289 F. App'x 710, 714 (5th Cir. 2008). An adjudicator may obtain VE testimony to determine whether significant jobs exist in the national economy that a claimant can perform despite her work-related limitations. 20 C.F.R. §§ 404.1566(e), 416.966(e). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986)). Hypothetical questions to a VE include functional limitations the evidence supports and the ALJ recognizes. *See Masterson v. Barnhart*, 309 F.3d 267, 273 (5th Cir. 2002). Courts should accord weight to a VE's testimony that is based on a hypothetical question that correctly describes the claimant's limitations as set forth in the RFC. *See Pineda*, 289 F. App'x at 714.

Although Plaintiff emphasizes the VE's testimony that a limitation to occasional handling, fingering, and feeling would preclude the identified jobs and other work, the Fifth Circuit has long held that the ALJ is not bound by testimony based upon evidentiary assumptions ultimately rejected by the ALJ. Tr. 53-57; *see also Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985); Pl. Br. at 28-29. The ALJ did not find, and the evidence does not support, a limitation to occasional handling, fingering, and feeling. Tr. 20. The ALJ was therefore not bound by the VE's testimony regarding the effect of occasional handling, fingering, and feeling. Tr. 53-57. Although Plaintiff emphasizes the VE's testimony that a limitation to occasional handling, fingering, and feeling would preclude the identified jobs and other work, the Fifth Circuit has long held that the ALJ is not bound by testimony based upon evidentiary assumptions ultimately rejected by the ALJ. Tr. 53-57; *see also Owens*, 770 F.2d at 1282; Pl. Br. at 28-29. The ALJ did not find, and the evidence does not support, a limitation to occasional handling, fingering, and feeling. Tr. 20. The ALJ was therefore not bound by the VE's testimony regarding the effect of occasional handling, fingering, and feeling. Tr. 53-57.

Nor has Plaintiff demonstrated that the ALJ was bound by the VE's testimony that an ability to sustain attention, concentration, and persistence for only one hour, being off task fifteen percent of the workday, or missing three days of work per month would preclude the identified jobs. *Id.* at 56; Pl. Br. at 29. The ALJ found that Plaintiff could maintain attention, concentration, and persistence for two-hour periods, not for one hour, and the ALJ did not find that Plaintiff would be off task fifteen percent of the workday or that she would miss work three days per month. *Id.* at 20. The ALJ was therefore not bound by the VE's testimony in this regard. *Id.* at 56; *Owens*, 770 F.2d at 1282.

In arguing that the ALJ improperly found that she could perform other work at step five, Plaintiff asserts that the ALJ relied on an improper RFC. Pl. Br. at 28-30; *See Vaught v. Astrue*, 271 F. App'x 452, 456 (5th Cir. 2008) (unpublished) ("Again, Vaught offers only a bare assertion of error. His argument amounts to a disagreement with the ALJ's residual function capacity determination, but that determination was supported by substantial evidence. Vaught does not contend that the ALJ's questions failed to reasonably incorporate the disabilities recognized by the ALJ, or that the hypotheticals were inconsistent with the ALJ's findings"). Because substantial evidence supports the RFC and because the ALJ presented a hypothetical question to the VE that reasonably incorporated the limitations included in the RFC, the Court affirms the ALJ's step five finding. Tr. 24, 54-55. For the foregoing reasons, the Commissioner's decision is affirmed.

**SO ORDERED**, this the 8th day of November, 2021.

                                                                        */s/*   Jane M. Virden                                     
                                                                        **UNITED STATES MAGISTRATE JUDGE**